UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

JAG FRIEDLANDER,

                              Plaintiff,      **AMENDED COMPLAINT**

       -against-

                                             06 Civ. 13713 (RJS)

THE CITY OF NEW YORK, P.O. JOHN ANGIZER,
DET. LISANDRO RIVERA, DET. PATRICIA
CAMACHO, LT. KEITH BUSH, and P.O.s  JOHN and    **JURY TRIAL DEMANDED**
JANE DOE #1-10, individually and in their official
capacities, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                              Defendants.

------------------------------------------------------------------------X

       Plaintiff JAG FRIEDLANDER, by his attorney, ROSE M. WEBER, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

       1.      Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.  Plaintiff also asserts supplemental state law tort claims.

**JURISDICTION**

       2.      This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

       3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff JAG FRIEDLANDER is a Caucasian male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9. That at all times hereinafter mentioned, the individually named defendants, P.O. JOHN ANGIZER, DET. LISANDRO RIVERA, DET. PATRICIA CAMACHO, LT. KEITH BUSH, and P.O.s JOHN and JANE DOE #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13. On September 10, 2005, at approximately 10:00 p.m., plaintiff JAG FRIEDLANDER was lawfully present in the vicinity of 1150 Garrison Avenue, in the County of Bronx, in the City and State of New York.

14. At aforesaid time and place, plaintiff JAG FRIEDLANDER was suddenly accosted by plainclothes officers of the New York City Police Department.

15. Defendants did not identify themselves as police officers.

16. Defendants pointed their weapons at plaintiff JAG FRIEDLANDER.

17. Fearing for his safety, plaintiff JAG FRIEDLANDER ran from the unidentified men.

18. When defendants caught plaintiff JAG FRIEDLANDER, they threw him to the ground, punched him, kicked him, and hit him in the face with a flashlight.

19. As a result of this unprovoked assault, plaintiff JAG FRIEDLANDER sustained, *inter alia*, a broken jaw, a broken rib, and facial injuries that required suturing.

20. Defendants placed plaintiff JAG FRIEDLANDER under arrest, despite defendants' knowledge that they lacked probable cause to do so.

21. Defendants then transported plaintiff JAG FRIEDLANDER to the 41st Precinct of the New York City Police Department, in Bronx, New York, and from there to Lincoln Hospital, where he was kept overnight and treated for his injuries.

22. Defendants initiated criminal proceedings against plaintiff JAG FRIEDLANDER, despite defendants' knowledge that they lacked probable cause to do so.

23. During the period between September 10, 2005 and mid-October 2006, plaintiff JAG FRIEDLANDER was required to make several court appearances to defend himself in the criminal proceedings that defendants had initiated against him.

24. In or about mid-October 2006, all charges against plaintiff JAG FRIEDLANDER were dismissed.

25. As a result of the foregoing, plaintiff sustained, *inter alia*, severe physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

26. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "25" with the same force and effect as if fully set forth herein.

27. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

28. All of the aforementioned acts deprived plaintiff JAG FRIEDLANDER of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

30. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision

of ranking officers of said department.

31. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33. As a result of the aforesaid conduct by defendants, plaintiff JAG FRIEDLANDER was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

34. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated, without probable cause.

## THIRD CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. The level of force employed by defendants was objectively unreasonable and in violation of plaintiff JAG FRIEDLANDER's constitutional rights.

37. As a result of the aforementioned conduct of defendants, plaintiff JAG FRIEDLANDER was subjected to excessive force and sustained physical injuries.

## FOURTH CLAIM FOR RELIEF
## FAILURE TO INTERVENE

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. Each and every individual defendant had an affirmative duty to intervene on plaintiff JAG FRIEDLANDER's behalf to prevent the violation of his constitutional rights.

40. The individual defendants failed to intervene on plaintiff JAG FRIEDLANDER's behalf to prevent the violation of his constitutional rights despite having had a realistic opportunity to do so.

41. As a result of the aforementioned conduct of the individual defendants, plaintiff JAG FRIEDLANDER's constitutional rights were violated and he was subjected to excessive force and sustained physical injuries.

## FIFTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. Defendants misrepresented and falsified evidence before the District Attorney.

44. Defendants did not make a complete and full statement of facts to the District Attorney.

45. Defendants withheld exculpatory evidence from the District Attorney.

46. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff JAG FRIEDLANDER.

47. Defendants lacked probable cause to initiate criminal proceedings against plaintiff JAG FRIEDLANDER.

48.     Defendants acted with malice in initiating criminal proceedings against plaintiff JAG FRIEDLANDER.

49.     Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff JAG FRIEDLANDER.

50.     Defendants lacked probable cause to continue criminal proceedings against plaintiff JAG FRIEDLANDER.

51.     Defendants acted with malice in continuing criminal proceedings against plaintiff JAG FRIEDLANDER.

52.     Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

53.     Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff JAG FRIEDLANDER's favor in or about mid-October 2006, when all charges against him were dismissed.

54.     As a result of the foregoing, plaintiff JAG FRIEDLANDER sustained, *inter alia*, loss of liberty, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

### SIXTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

55.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56.     Defendants issued legal process to place plaintiff JAG FRIEDLANDER under arrest.

57.     Defendants arrested plaintiff JAG FRIEDLANDER in order to obtain a collateral objective outside the legitimate ends of the legal process.

58.     Defendants acted with intent to do harm to plaintiff JAG FRIEDLANDER without

excuse or justification.

## SEVENTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

59.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

61.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to, using excessive force while taking individuals into custody, covering up the use of excessive force by claiming that the detainee resisted arrest and/or assaulted a police officer, and arresting innocent persons in order to meet "productivity goals" (i.e., arrest quotas).

62.     The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

- **Gaybourne Busano v. City of New York,** United States District Court, Eastern District of New York, 03 CV 1486;

- **Corey Avent v. City of New York,** United States District Court, Eastern District of New York, 04 CV 2451;

- **Clifford Parker-Davidson v. City of New York,** United States District Court, Eastern District of New York, 04 CV 3242;

- **Anwaar Muhammad City of New York,** United States District Court, Eastern District of New York, 04 CV 1044.

63. The existence of the aforesaid unconstitutional customs and policies may further be inferred from the admission by Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that commanders are permitted to set "productivity goals."

64. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff JAG FRIEDLANDER.

65. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff JAG FRIEDLANDER as alleged herein.

66. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff JAG FRIEDLANDER as alleged herein.

67. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff JAG FRIEDLANDER was unlawfully arrested and subjected to excessive force.

68. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff JAG FRIEDLANDER' constitutional rights.

69. All of the foregoing acts by defendants deprived plaintiff JAG FRIEDLANDER of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. Not to have excessive force imposed upon him;

    D. To be free from unwarranted and malicious criminal prosecution;

      E.      To be free from malicious abuse of process;

      F.      Not to have cruel and unusual punishment imposed upon him; and

      G.      To receive equal protection under the law.

70.    As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of five million dollars ($5,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of five million dollars ($5,000,000.00).

## PENDANT STATE CLAIMS

71.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72.    Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50-e.

73.    The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

74.    The City of New York failed to schedule a hearing pursuant to General Municipal Law § 50-h and such hearing is accordingly deemed waived.

75.    This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

76.    Plaintiff has complied with all conditions precedent to maintaining the instant action.

77.    This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

## FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## FALSE ARREST

78.    Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79.     Defendant police officers arrested plaintiff JAG FRIEDLANDER in the absence of probable cause and without a warrant.

80.     As a result of the aforesaid conduct by defendants, plaintiff JAG FRIEDLANDER was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings.

81.     The aforesaid actions by the defendants constituted a deprivation of plaintiff JAG FRIEDLANDER's rights.

## SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## FALSE IMPRISONMENT

82.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83.     As a result of the foregoing, plaintiff JAG FRIEDLANDER was falsely imprisoned, his liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

84.     Plaintiff JAG FRIEDLANDER was conscious of said confinement and did not consent to same.

85.     The confinement of plaintiff JAG FRIEDLANDER was without probable cause and was not otherwise privileged.

86.     As a result of the aforementioned conduct, plaintiff JAG FRIEDLANDER has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### ASSAULT

87. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88. Defendants' aforementioned actions placed plaintiff JAG FRIEDLANDER in apprehension of imminent harmful and offensive bodily contact.

89. As a result of defendants' conduct, plaintiff JAG FRIEDLANDER has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### BATTERY

90. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91. Defendant police officers touched plaintiff JAG FRIEDLANDER in a harmful and offensive manner.

92. Defendant police officers did so without privilege or consent from plaintiff JAG FRIEDLANDER.

93. As a result of defendants' conduct, plaintiff JAG FRIEDLANDER has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

### FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### MALICIOUS ABUSE OF PROCESS

94. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

95. Defendant police officers issued legal process to place plaintiff JAG FRIEDLANDER

under arrest.

96. Defendant police officers arrested plaintiff JAG FRIEDLANDER to obtain a collateral objective outside the legitimate ends of the legal process.

97. Defendant police officers acted with intent to do harm to plaintiff JAG FRIEDLANDER, without excuse or justification.

98. As a result of the aforementioned conduct, plaintiff JAG FRIEDLANDER suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

99. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "98" with the same force and effect as if fully set forth herein.

100. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

101. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

102. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

103. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff JAG FRIEDLANDER.

104. As a result of the aforementioned conduct, plaintiff JAG FRIEDLANDER suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT HIRING AND RETENTION

105.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "104" with the same force and effect as if fully set forth herein.

106.   Upon information and belief, defendant City of New York failed to use reasonable care in the hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff JAG FRIEDLANDER.

107.   Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the defendants P.O. JOHN ANGIZER, DET. LISANDRO RIVERA, DET. PATRICIA CAMACHO, LT. KEITH BUSH, and P.O.s JOHN and JANE DOE #1-10 to engage in the wrongful conduct heretofore alleged in this Complaint.

### EIGHTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT TRAINING AND SUPERVISION

108.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "107" with the same force and effect as if fully set forth herein.

109.   Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff JAG FRIEDLANDER.

110.   As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of five million dollars ($5,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of five million dollars ($5,000,000.00).

**WHEREFORE**, plaintiff JAG FRIEDLANDER demands judgment in the sum of five million dollars ($5,000,000.00) in compensatory damages and five million dollars ($5,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of

this action.

Dated:		New York, New York
		December 14, 2007

					              /s
					ROSE M. WEBER (RW 0515)
					225 Broadway, Suite 1607
					New York, NY 10007
					(212) 748-3355